MEMORANDUM *
Eng Chhun petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) denial of his request for asylum and withholding of removal. We hold that the BIA’s decision was supported by substantial evidence and deny the petition for review.
We review the BIA’s decision determining whether an alien has established eligibility for asylum or withholding of removal for substantial evidence. Malkandi v. Mukasey, 544 F.3d 1029, 1035 (9th Cir.2008). We have jurisdiction to review the BIA’s denial of withholding of removal under 8 U.S.C. § 1252(a)(1). We reject the government’s contention that we lack jurisdiction to review the BIA’s denial of Chhun’s asylum request. We have jurisdiction to review the BIA’s denial of asylum under the REAL ID Act, § 1252(a)(2)(D), as this is a mixed question of law and fact. See Khan v. Holder, 584 F.3d 773 (9th Cir.2009).
The BIA held that the Cambodian Freedom Fighters (“CFF”) is a terrorist organization as defined in § 1182(a)(3)(B)(vi)(III). This holding is supported by substantial evidence. Under § 1182(a)(3)(B)(vi)(III), a terrorist organization is “a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in, the activities described in subclauses (I) through (VI) of clause (iv).” These “activities” include “commit[ting] ... under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity.” See § 1182(a)(3)(B)(iv)(I). “[TJerrorist activity ... means any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves,” among other things, “[t]he use of any ... explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain) ... with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.” *299 § 1182(a)(3)(B)(iii)(V). The BIA relied on evidence in the record showing that the CFF had attempted to overthrow the Cambodian government through violent means, including attempting a coup in November 2000, during which the CFF attacked three military bases and caused the death of eight or nine people. This constitutes terrorist activity under the statute.
Chhun argues that these actions by the CFF cannot constitute “terrorist activity” because the CFF’s goal is to spread democracy and the CFF is registered as a political organization in California. These factors are irrelevant to whether the CFF is a terrorist organization under the Immigration and Nationality Act (“INA”). In Khan v. Holder, 584 F.3d 773 (9th Cir.2009), we have held that there is no exception in § 1182(a)(3)(B)(iii), for acts of armed resistance against governmental military targets even if such resistance is permitted under international law. Because the CFF acted unlawfully under Cambodian law, its actions constituted terrorist activity regardless of its democratic goals. There is also no exception in the statute for organizations registered as political entities in the United States.
The BIA’s holding that Chhun failed to establish through clear and convincing evidence that he did not know, and should not reasonably have known, that the CFF was a terrorist organization is also supported by substantial evidence. Chhun admitted that he raised money to feed CFF fighters and acknowledged the CFF’s violent attempted coup to overthrow the Cambodian government. These activities constitute terrorist activity under § 1182(a)(3) (B) (iii).
Chhun argues that the BIA erred by holding that he poses a danger to the security of the United States. This argument is foreclosed by the INA. Under 8 U.S.C. § 1231(b)(3)(B)(iv), any alien who engaged in terrorist activities is one for whom there are “reasonable grounds to believe that the alien is a danger to the security of the United States.” Such aliens are statutorily ineligible for withholding of removal.
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.